1  CDF LABOR LAW LLP
   Dan M. Forman, State Bar No. 155811
2     dforman@cdflaborlaw.com
   Wanja S. Guy, State Bar No. 275734
3     wguy@cdflaborlaw.com
  707 Wilshire Boulevard, Suite 5150
4  Los Angeles, CA 90017
  Telephone: (213) 612-6300
5
  Attorneys for Defendant
6  STT SECURITY SERVICES INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LETICIA HAYNES, individually, and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> STT SECURITY SERVICES INC., a Michigan corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 3:24-cv-01303 <br><br> (Removed from Alameda Superior Court, Case No. 23CV057497) <br><br> **DEFENDANT STT SECURITY SERVICES INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTION 1441** <br><br> Filed concurrently herewith: <br> - Declaration of Denise Robertson <br> - Notice of Interested Parties <br> - Civil Case Cover Sheet |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant STT Security Services Inc. ("STT"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California based on the original jurisdiction of this Court under 28 United States Code ("U.S.C") sections 1332(a), 1441(b) and 1446(b). In support of this removal, STT states as follows:

## BASIS FOR JURISDICTION

1. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(a), 28 U.S.C. section 1441(b) and 28 U.S.C. section 1446(b) because there is (a) complete diversity between the parties (Plaintiff identified STT in the Action as "a Michigan Corporation" and Plaintiff is a citizen of the State of California) and (b) the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

## FILING OF COMPLAINT

2. On or about December 28, 2023, Plaintiff Leticia Haynes ("Plaintiff") filed the above-entitled action bearing case number 23CV057497 in the Superior Court of the State of California for the County of Alameda. Plaintiff's Complaint ("Complaint") is the initial pleading setting forth the claim for relief upon which this action is based. A copy of the Complaint is attached hereto as **Exhibit A**.

3. Plaintiff (on behalf of herself and others similarly situated) alleged that defendant STT violated Labor Code sections 201, 202, 203, 204, 226, 226.7, 512, 1194, 1194.2, 1197, 1198, 1198.5, 2802, and 17200 and applicable Wage Orders, and seeks allegedly unpaid wages and any and all legally applicable penalties. *See* Complaint.

2350358.1

## SERVICE OF SUMMONS AND COMPLAINT

4. To remove an action from state to federal court, a defendant must file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. §1446(b)(1). Defendant was served with the Summons and Complaint pursuant to section 415.30 of the California Code of Civil Procedure on February 1, 2024, when Defendant acknowledged receipt of service. Pursuant to Rule 6(a)(1)(A),(C), the day of the event that triggers the period is excluded and if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a). Thirty days from this date is Saturday, March 2, 2024. Accordingly, the removal period continues to run until Monday, March 4, 2024. Thus, the removal is timely. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). A copy of the summons and all other documents (other than the Complaint) filed in this action are attached hereto as **Exhibit B**. Prior to removal, on March 1, 2024, STT filed its answer in the State Court Action.

## DIVERSITY JURISDICTION

5. The removal of this action terminates all proceedings in the Superior Court of California, County of Alameda. *See* 28 U.S.C. § 1446(d).

6. Defendant removes this action pursuant to 28 U.S.C. § 1332(a), 28 U.S.C. § 1441, and 28 U.S.C. § 1446 on the basis that (a) the amount in controversy exceeds $75,000 and (b) the parties are citizens of different states: Plaintiff is a citizen of California, (Complaint, ¶ 7), while Defendant is a citizen of Michigan. *See* Declaration of Denise Robertson ("Robertson Decl."), ¶¶ 3-4 and Complaint, caption.

## AMOUNT IN CONTROVERY

7. A defendant may rely on reasonable assumptions in estimating the

amount in controversy and need not submit evidence with a notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements.") (internal quotation marks omitted). Here, however, Plaintiff failed to specify any sum for the value of all of the total claims alleged and remedies sought. "When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition . . . relevant to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006).

8.  Further, courts may assume a 100% violation rate in calculating the amount in controversy for removal purposes when a more precise calculation is not apparent on the face of the complaint. *See, e.g., Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and, taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate")*; Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) ("Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought" to indicate a violation rate smaller than 100%). Additionally, in establishing the amount in controversy, a removing party is entitled to make reasonable assumptions. *See Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193 (9th Cir. 2015) ("[The removing party] bears the burden to show that its estimated amount in controversy relied on reasonable assumptions."); *see also Oda v. Gucci Am*., Inc., No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672, at *10 (C.D. Cal. 2015) ("Where, as here, a

plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions."). The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), confirmed that "as specified in §1446(a), a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." (Emphasis added.)

9. Plaintiff seeks damages and statutory penalties for herself and the putative class members for fourteen (14) separate Labor Code violations, as well as penalties for alleged violations of the Industrial Welfare Commission wage orders, and penalties under Labor Code §§ 203, 226(e), 226(f), and 1198.5. Complaint, *passim*, and the Prayer. Plaintiff also seeks attorneys' fees and costs. *Id.*, *passim*, and the Prayer, ¶ B.

10. Defendant denies any liability in this case and intends to vigorously defend this action. Defendant reserves all rights in this regard. For the purposes of jurisdictional requirements for removal only, Defendant can establish that the allegations in the Plaintiff's Complaint put in controversy, in the aggregate, an amount that exceeds $75,000, with respect to Plaintiff's individual prayer for recovery.

11. Plaintiff does not allege the number of pay periods at issue, or the frequency of pay periods. Defendant does have employees in California and the standard payroll schedule for such employees is biweekly. *See* Robertson Decl., ¶ 6a.

12. Plaintiff alleges that Defendant is liable for damages and penalties for each of its purported violations of California law. She alleges that she is entitled to such throughout the duration of the relevant statute of limitations. Complaint, ¶¶ 2, 40, 61. The statute of limitations for statutory penalties is one (1) year under California Civil Code section 340(a), and three (3) years for unpaid wages under California Civil Code section 338 (a) prior to the filing of a Complaint which may

extended to four (4) years if the employee claims that the employer engaged in unfair business practices under California Business and Professions Code section 17208.

13. Accordingly, there are alleged at least 2,288 biweekly pay periods of violations at issue for the time period between December 28, 2019 to December 28, 2023. During this same period, STT employed approximately 209 putative class members. *See* Robertson Decl., ¶ 6a.

14. Although Defendant denies Plaintiff's allegations, and does not concede that her interpretation of the Labor Code, or its imposition of penalties, is correct as a matter of law or fact, or that she is entitled to any of the alleged damages and penalties she seeks, the following is a summary of amount in controversy based on the damages penalties as they relate to Plaintiff's allegations.

15. The claimed waiting time penalties place $554,320 in controversy. Plaintiff's fifth cause of action alleges violation of California Labor Code §§ 201, 202, and 203 for failure to pay all wages due upon termination of employment. Plaintiff alleges that "Defendants at times failed, and continue to fail, to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code §§ 201 and 202 either at the time of discharge, or within seventy-two (72) hours of heir leaving Defendants' employ." Complaint, ¶ 61. Plaintiff also alleges that "the Class is entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to thirty (30) days maximum pursuant to California Labor Code § 203." *Id.* at 64.

16. During the period of December 28, 2019 to December 28, 2023, approximately 189 putative class members separated from employment with STT in California. Robertson Decl., ¶ 6a. For the purpose of calculating the amount in controversy, STT uses the conservative figure for the regular rate of pay among the putative class members of at least $12/hour, the California minimum wage effective January 1, 2019 through December 31, 2019.

17. Although STT denies all liability, assuming for this analysis only that putative class members were not timely paid final wages due, the amount in controversy for the alleged Section 203 claim is at least $554,320 (calculated as follows: $12 per hour x 8 hours x 30 days x 189 putative class members who no longer work for STT).

18. Attorney's fees are also included in the amount-in-controversy calculation. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). The benchmark award of attorney's fees in a class action is 25% of the common fund. See, e.g., *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 258 (N.D. Cal. 2015). Assuming conservatively a 20% award of the potential damages already calculated ($110,864), the total amount in controversy becomes $665,184.

## **REMOVAL IS PROPER**

19. Pursuant to 28 U.S.C. § 1441 a suit over which a district court would have original jurisdiction may be removed to federal court from state court, as provided by 28 U.S.C. § 1446. Defendant, therefore, is entitled to remove the instant action to this Court, because the Court could have asserted original jurisdiction over the case.

The Superior Court of California, County of Alameda lies within the Northern District of California. Accordingly, removal to this district is proper. See 28 U.S.C. § 1446(a).

Dated: March 4, 2024              CDF LABOR LAW LLP
                                  Wanja S. Guy


                                  By: /s/ Dan M. Forman
                                      Dan M. Forman
                                  Attorneys for Defendant
                                  STT SECURITY SERVICES INC.